UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN EROLE OSCAR | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-0391 |
| v. | : | (JUDGE MANNION) |
| | : | |
| WARDEN, USP-THOMSON, | | |
| | : | |
| Respondent | | |

**MEMORANDUM**

**I.   Background**

Petitioner, Jean Erole Oscar, an inmate confined in the United States Penitentiary, Thomson (USP-Thomson), Illinois, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Along with his petition, Oscar filed a motion for leave to proceed *in forma pauperis.* Petitioner seeks immediate release, claiming "factual innocence". Id.

For the reasons outlined below, the petition will be transferred to the United States District Court for the Northern District of Illinois.

**II.   Discussion**

The statute governing jurisdiction over writs of habeas corpus provides that writs may be granted by "the district courts ... within their respective

jurisdictions." 28 U.S.C. §2241(a). In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the United States Supreme Court noted that the phrase "within their respective jurisdictions" means that a writ of habeas corpus acts not upon the prisoner, but upon the prisoner's custodian, and that only those courts with jurisdiction over the custodians, that is, those courts within the "district of confinement," may issue the writ. Padilla, 544 U.S. at 442-44. The Third Circuit has held that "[i]t is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir.1994). Thus, a §2241 petition must be presented to "the district court in the United States District where the petitioner is incarcerated." United States v. Allen, 124 Fed. Appx. 719, 721 (3d Cir. Feb.11, 2005) (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.1990)).

    Here, Petitioner is confined in USP-Thomson, which is located within the jurisdiction of the United States District Court for the Northern District of Illinois. As such, in accordance with 28 U.S.C. §2241(a), the proper venue for this case is the Northern District of Illinois, where Petitioner and his custodian are located.

    A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might

have been brought. 28 U.S.C. §1404(a) and 1406(a)[1]; See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Accordingly, this court will *sua sponte* transfer the above captioned action to the United States District Court for the Northern District of Illinois.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 15, 2021**
210391-01

---

[1] Section 1406(a) provides that when a case has been filed in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. §1406(a). Similarly, §1404(a) grants district courts discretion to transfer cases, "in the interest of justice," to a district where the case might have been brought. See 28 U.S.C. §1404(a).